| | |
|---|---|
| JAMES EARL SMITH, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DARRYL EUGENE COULTER, ) | |
| individually; DARRYL EUGENE ) | |
| COULTER as Police Officer and ) | |
| Employee of the Town of Spring ) | |
| Lake, NC and TOWN OF SPRING ) | |
| LAKE, NC, a body politic, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon the motion of Defendants Town of Spring Lake ("Spring Lake") and Darryl Eugene Coulter in his official capacity ("Coulter") (altogether "Defendants") to compel discovery and for other relief. [DE-17]. No response to the motion has been filed by Plaintiff and the motion is ripe for decision. For the reasons set forth below, Defendants' motion to compel is ALLOWED IN PART and DENIED IN PART.

## BACKGROUND

On October 24, 2011, Plaintiff filed his complaint in the North Carolina Superior Court of Harnett County. [DE-1-2]. Plaintiff alleges Defendant Coulter, a police officer of the Town of Spring Lake, physically assaulted him and unlawfully searched his person and vehicle in connection with a traffic stop in violation of the Fourth and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 24. Plaintiff has sued Coulter individually and in his official capacity. Plaintiff alleges further Defendant Coulter's actions were the result of a policy, practice

or custom of Defendant Spring Lake or ratified by Spring Lake. *Id.* ¶¶ 29-31, 33. The complaint also appears to contain claims of negligence arising under state tort law. *Id.* ¶¶ 32, 34, 37-43.

On December 19, 2011, Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331 and 1441(b) based on federal question jurisdiction. [DE-1]. On May 22, 2012, the parties filed a Rule 26(f) Joint Discovery Plan. [DE-12]. As indicated in their Discovery Plan, the parties agreed to exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(1) on or before June 29, 2012. *Id.* ¶ II. On June 6, 2012, the court entered its scheduling order, approving the parties' Discovery Plan, incorporating the agreed-to deadline by which to make initial disclosures into its order. [DE-13] at 1-2. The scheduling order further established that all discovery will be concluded by April 29, 2013. *Id.* at 1.

On February 27, 2013, pursuant to Fed. R .Civ. P. 26, 33, 34 and 37, Defendants moved to compel Plaintiff to make his initial disclosures and provide responses to written discovery requests. [DE-17]. According to the motion, Defendants timely made their initial disclosures, but Plaintiff has failed to serve his initial disclosures on Defendants. *Id.* ¶ 6. Defendants served Plaintiff with their first set of interrogatories and first request for the production of documents, but as of the date of Defendants' motion, Plaintiff has failed to respond to Defendants' written discovery requests. *Id.* ¶¶ 7-8.

Defendants' motion indicates that Defendants' counsel attempted to communicate with Plaintiff in an effort to resolve the discovery dispute without court action. The motion indicates further that Plaintiff's counsel notified Defendants' counsel that Plaintiff was deceased. It is the understanding of Defendants' counsel that at the time, Plaintiff's counsel had recently learned of Plaintiff's death. Defendants' counsel indicates it is uncertain whether a representative of

Plaintiff's estate will file a motion to be substituted as a party in this case assuming claims alleged in the complaint survive Plaintiff's death. Defendants indicate further that based on Plaintiff's death, Defendants are not prepared to timely designate experts in accordance with the deadline in the scheduling order and seek further to preserve time for discovery and dispositive motions. Defendants seek an extension of time of case deadlines also in order to allow a reasonable time for Plaintiff's counsel to determine if the case will continue with a representative of Plaintiff's estate as a substituted party.

Although Defendants indicate that it is "counsel's understanding that plaintiff's counsel does not oppose an extension of time of the deadlines in this case," Plaintiff has failed to respond to the instant motion. Additionally, Plaintiff has taken no action to extend the time to respond to discovery, enlarge the deadlines of the scheduling order or file a suggestion of death in accordance with Fed. R. Civ. P. 25 or otherwise inform the court of the impact of Plaintiff's death upon this case.

## COURT'S DISCUSSION

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to automatically make certain enumerated disclosures to the other parties. Rule 37 allows the filing of a motion to compel where a party fails to make initial disclosures. Fed. R. Civ. P. 37(a)(3)(A). Pursuant to the scheduling order adopting the parties' Discovery Plan regarding disclosure of Rule 26(a)(1) information, Plaintiff was required to provide Defendants with his initial disclosures on or by June 29, 2012. [DE-12] ¶ II. Plaintiff, however, has failed to make his Rule 26(a)(1) disclosures in conformity with the court's order. Accordingly, Defendants' motion to compel is ALLOWED and Plaintiff is hereby ORDERED to make his Rule 26(a)(1) initial disclosures no later than

3

April 16, 2013.

Defendants also ask the court to impose financial sanctions on Plaintiff for failure to make his initial disclosures. The Federal Rules provide for an award of expenses where a motion to compel is granted. Fed. R. Civ. P. 37(a)(5). Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing to the court no later than April 22, 2013, why he should not have to pay the reasonable expenses, including attorney's fees, that Defendants have incurred in filing the instant motion to compel. Plaintiff is cautioned that a failure to comply with this order may result in sanctions, including dismissal of this action, in addition to any award of costs.

The court is unable to entertain Defendants' motion to compel Plaintiff to produce responses to its interrogatories and document requests because Defendants have failed to provide the court with the written discovery requests which are the subject of the motion. *See* Local Civil Rule 7.1(c) ("No motions to compel discovery . . . will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection."). Moreover, Defendants have failed to include a brief in support of their motion to compel to aid the court in determining whether Defendants are entitled to the particular discovery sought. *See* Local Civil Rule 7.1(d). For these reasons, Defendants' motion to compel is DENIED without prejudice.

The court further sets this case for a status conference to address the remaining issues discussed in Defendants' motion. **The status conference will commence at 2 p.m. on Friday April 19, 2013, in courtroom three of the Alton Lennon Federal Building, located at 2 Princess Street, Wilmington, North Carolina.**

4

## CONCLUSION

Defendants' motion to compel [DE-17] is ALLOWED IN PART and DENIED IN PART WITHOUT PREJUDICE. Plaintiff is ORDERED to provide his Rule 26(a)(1) initial disclosures to Defendants no later than April 16, 2013. Further, Plaintiff is ORDERED TO SHOW CAUSE in writing to the court no later than April 22, 2013, why he should not have to pay the reasonable expenses, including attorney's fees, that Defendants have incurred in filing the instant motion to compel. A status conference will be held by the court **at 2 p.m. on Friday, April 19, 2013, in courtroom three of the Alton Lennon Federal Building, located at 2 Princess Street, Wilmington, North Carolina.**

So ordered, the 11th day of April, 2013.

Robert B. Jones, Jr.
United States Magistrate Judge